UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRECIA MARTINEZ, by her Guardian Ad Litem, RAFAEL MARTINEZ, <br><br> Plaintiff, <br><br> v. <br><br> SEA WORLD LLC; et al., <br><br> Defendant. | Case No.:  15cv2462 L (JLB) <br><br> **ORDER REMANDING CASE TO STATE COURT** |

On October 30, 2015, defendant Sea World LLC removed this action from the Superior Court of the State of California for the County of San Diego on the basis of diversity jurisdiction.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree. *Id.* (internal citations omitted). It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction. Id. (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co*., 443 F.3d 676, 684 (9th Cir. 2006). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any

doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir.1988), *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir.1985). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. (citing *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir.1988)).When a defendant removes an action from state court on the grounds that the federal court may properly exercise diversity jurisdiction over the action, the defendant bears the burden of establishing federal jurisdiction, including satisfaction of the amount-in-controversy requirement. Although evidentiary materials are not required to demonstrate the amount in controversy exceeds the jurisdictional threshold of $75,000, a mere statement that the amount is controversy meets the threshold is insufficient particularly when the plaintiff's complaint suggests damages far less than the threshold amount. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014).

  Although plaintiff does not argue that defendants have failed to show the amount in controversy exceeds $75,000, the court has an independent duty to ensure it has jurisdiction to hear the case. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501 (2006)("[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived. . . . Moreover, courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party" (internal quotations and citations omitted)). Accordingly, the court considers the matter *sua sponte*.

  Here, the complaint alleges that plaintiff, a minor, sustained "serious injuries and damages in excess of the sum of $25,000" due to "an uneven concrete walkway" at Sea World San Diego. The minor broke her arm. Defendant contends that "upon information and belief," that the damages will likely exceed $75,000.00. Neither the complaint nor defendant's notice of removal suggest damages approaching $75,000.

In sum, because defendant has failed to show that the amount in controversy is satisfied, the court lacks diversity jurisdiction and it must remand the case to state court.

Based on the foregoing, **IT IS ORDERED** remanding this action, *Martinez v. Sea World Entertainment Inc.,* Case No. 37-2015-00025901-CU-PO-CTL, to the Superior Court of the State of California for the County of San Diego.

**IT IS SO ORDERED.**

Dated: December 7, 2015

_____
Hon. M. James Lorenz
United States District Judge